JANUARY 1830

Bigger, admx
v.
Hutchings &
Smith, ad-
ministrators.

## GARROW v. HALLETT.

Where a purchaser of land receives from the vendor a covenant for posses-
sion, and for a deed of release and quit claim of all the vendor's interest,
and such deed is tendered, a plea that the vendor had, and still has no
title to the premises, contains no defence against an action for the pur-
chase money, no fraud being alleged.

W. R. HALLETT instituted an action of covenant in Mobile Circuit Court, on certain articles of agreement, made under seal between them, dated the 14th of March, 1826, whereby Hallett covenanted "that he would well and sufficiently convey by deed of *release or quit claim* to Garrow, his heirs and assigns, on or before the first day of December next, after the date, all his interest in a certain lot of land in Mobile, &c." and Garrow, on his part, covenanted " that on the execution of said conveyance, he would give his note payable to Hallett, for $1750, due the 1st January, 1827, at the bank of Mobile, as and for the purchase money, and also execute a mortgage on the premises." And it was further agreed " that Garrow might forthwith enter upon the premises, and receive the profits to the use of himself, his heirs and assigns;" and for the faithful performance the parties mutually bound themselves

JANUARY 1830. in the sum of $3,500. The plaintiff, in his declaration, averred performance on his part, and a tender of the deed by him such as the articles required, and that the defendant refused to receive it, and refused to execute his note for the purchase money, and the mortgage &c. The defendant craved oyer of the agreement, and then pleaded, ·that, " at the time of making the agreement, the plaintiff, Hallett, had no right or title whatsoever to the premises thereby covenanted and agreed to be conveyed to the said defendant; nor hath he, since the making of the covenant, acquired any right or colour of right or title to the premises thereby agreed and covenanted to be conveyed to the defendant," &c. This plea was demurred to by the plaintiff. At May term, 1827, the demurrer was sustained, and at February term, 1828, the damages, on a writ of inquiry, were assessed at $1,909 05, for which the plaintiff had judgment.

Garrow
v.
Hallett.

The judgment sustaining the demurrer to the plea is assigned for error.

ACRE, for the plaintiff in error. The only question presented for the decision of the Court, is, whether a man shall be compelled to pay for a thing which he has not received, could not, at the time of the contract receive, and never can receive, from the original and continued inability of the seller to make title to, or deliver possession of it. We think it must be supererogatory to cite authority to prove one of the most self-evident axioms in morals. We will, however, refer to 2. Blackstone's Commentaries, title, *deed*, 4 Cruise title 32. chapter 2, section 1, pages 13 and 14. 16 Johnson's Reports, 48, 3 Johnson's Reports, 480,

ELLIOTT, for the defendant in error. The demurrer was properly sustained. The declaration was good and proper;[a] but the plea was defective in several respects;[b] 1. It departed from the count, and was not responsive to it; 2. It contradicted and departed from the defendant's own covenant; 3d. It did not offer such an issue as when traversed and found for the plaintiff, would dispose of the merits of the case; it neither admits nor denies the performance of the plaintiff's covenant's, nor does it admit the performance of those covenants by the plaintiff, and at the same time allege matters to excuse performance by the defendant; 4th. Because admitting so far as the demurrer

*a* Chitty's Pl. 315.
*b* 1 Chitt. Pl. 482, 483.

admits the truth of the facts stated in the plea of the defendant, it is not a legal defence. The law is against the plea. It is not pretended there was *mala fides*, or fraudulent concealment in this case as relates to the title. The stipulations and true meaning of the contract as expressed, must govern the case, and it will not, even by implication, admit of such a construction as would require the plaintiff, as a condition precedent to his recovery against the defendant, to procure or arm himself with any other interest in the lands contracted for, than that which he possessed when the contract was entered into.[a]

JANUARY 1830.

Garrow
v.
Hallett.

a 12 John. 436
11 John. 359.
Minor's Ala.
Rep. 165. 5'
Litt. 247-8.

By JUDGE SAFFOLD. It may be premised, that after making the usual allowance for the zeal of counsel, and the latitude of forensic debate, the discussion in this case is strongly illustrative of the fact, that very eminent counsel, even on questions of ordinary magnitude, may imbibe thorough convictions favorable to opposite principles, corresponding to their wishes. It is conceived to be highly probable, as was earnestly insisted by the counsel on both sides, that each was entirely sincere in his belief that he was fully sustained as well by the authorities as by the justice of the case. A slight examination of the authorities may aid in reconciling the conflicting views taken of the subject.

The cases of *Jackson v. Alexander*,[b] and of *Jackson v. Florence*,[c] cited by the counsel for the plaintiff in error, are found to refer only to the import of the words "for value received" in a deed; the consideration necessary to raise a use to the bargainor, under the statute of uses; the effect of the words "make over and grant," in a conveyance; and the sufficiency of the consideration necessary to render a deed of bargain and sale operative. Here, the question is not whether the consideration was sufficient to afford validity to the deed, for as to that, there is no contest; but it is objected that the deed affords no sufficient consideration to sustain the promise for the purchase money. The case of *Van Eps v. The Corporation of Schenectady*,[d] referred to on the part of the defendant, only recognises the principle so far as was intended to apply to this case, that where a vendor has covenanted to execute a deed to the vendee, his heirs and assigns forever, no greater duty or obligation can be intended than to execute a conveyance or assurance of the property which may be good and perfect without warranty or personal covenants.

b 3 John. R.
484.
c 16 Ib. 48.

d 12 John. R.
436.

The obligation for covenants in deeds, depends on the terms of the contract, and the principle as above declared, rests on the presumption that if personal covenants were intended by the contract, they would have been expressed. The case of *Young v. Triplett*,[a] bears a stronger analogy to the present one. It was on a note given on a contract for the purchase of land. The defendant relied on a special plea, containing, among other matters, an averment, "that the vendor, at the time of making the conveyance, and since, had no sufficient title, and had not transferred to the purchaser, either title, or possession of the land sold; and that the consideration had utterly failed. A general demurrer to the plea having been sustained, the appellate tribunal observed, that the plea did not accuse the vendor of fraud, for notwithstanding it stated that he made promises which he was unable to perform, and representations which turned out to be untrue in the event, yet it did not allege that he knew the defects of title at the time of the sale, and failed to disclose them, or represented them to be otherwise contrary to what he knew; that of course there was no imputation of fraud, but the plea might have been true, and the vendor might have innocently made the contract, supposing he had the title, and could pass the possession; and on that ground, the plea could not be sustained. Nor did the plea put the defence upon the ground of a mutual mistake between the parties; for, from any thing that appeared, the vendee himself might have been conversant with, and have well understood all the defects of title, and prospects of possession, and have run the risk of all these; and it was competent for him to do so; that this deed appeared not to contain any clause of general warranty, and that it indicated in some measure at least, a risking bargain.

This may be regarded as an authority sustaining the principle, that where there is neither fraud, false warranty nor mistake, the contract cannot be avoided on the ground of defect of title. How the law should be expounded in a suit on articles containing covenants for a description of title, which it has been ascertained the vendor is incapable of making; or in case of actual breach of covenants in the deed previous to the institution of the suit for the purchase money, it is unnecessary in this case to inquire. It is not contended that these articles covenanted for any other than a deed of *release*, or *quit claim*. The plea only avers the insufficiency, or want of title in the

vendor: nor does it admit or deny that he had performed

his covenants according to their true intent and meaning. It does not negative the presumption arising from the terms of the contract, that the plaintiff was well acquainted with all the circumstances of the title, or that it was understood, and admitted, that the vendor had but a defective title, or only a possessory claim. Nor does it deny that the purchaser, according to the terms of the articles, has received the possession, and has enjoyed all the use and profits that were contemplated. It is a rational and legal presumption that some of these are the facts of the case, or that the purchaser had been disappointed in some contingency affecting the title, which he voluntarily contracted to risk, else why the covenant for a mere release or quit claim deed? And why has not misrepresentation of title, some other species of fraud, or a failure of consideration in legal terms, been averred in the defence?

It is the opinion of the Court, that the judgment below be affirmed.

By JUDGE COLLIER. I concur in the result of the opinion just pronounced, mainly on the ground that it was merely a sale of the plaintiff's interest, and that the conveyance agreed to be made was secondary, and implied an existing interest in the defendant.

JUDGES CRENSHAW and PERRY concurred for the same reasons.

Judgment affirmed.

The CHIEF JUSTICE not sitting.